IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

IN RE:      JULIE MARIE WILLIAMS F/K/A            CASE NO. 1:17-BK-71841
            JULIE MARIE JOHNSON
             Debtor                                CHAPTER 13

CALIBER HOME LOANS, INC. AS SERVICER
FOR LSF9 MASTER PARTICIPATION TRUST                                    MOVANT

VS.

JULIE MARIE WILLIAMS F/K/A
JULIE MARIE JOHNSON, Debtor;
and JACK W. GOODING, Trustee                                       RESPONDENTS

## MOTION FOR APPROVAL OF LOAN MODIFICATION

Comes now Caliber Home Loans, Inc. as servicer for LSF9 Master Participation Trust, a secured creditor of the above named Debtor, and a party in these proceedings (hereinafter "Movant"), by and through its attorneys, Wilson & Associates, PLLC, and for its Motion for Approval of Loan Modification, states the following:

1.      It is the servicer of the promissory note originally executed by Julie Marie Williams f/k/a Julie Marie Johnson, securing payment in the principal sum of $114,300.00 to EquiFirst Corporation.  This mortgage covers the real property located at 560 Scott Street, Camden, AR 71701, more particularly described as follows:

> **Lots 10 and 11 in Berg Fairview Subdivision to the City of Camden, Arkansas, according to the plat of said subdivision as recorded in the Official Records of Ouachita County, Arkansas.**

2.      Movant requests approval from the Court permitting it and the Debtor Julie Marie Williams to enter into a loan modification.  The agreement between the Movant and the Debtor, as evidenced by the signature on the Modification Agreement, a copy of which is attached hereto and incorporated by reference, would modify the loan with the following basic terms:

    a. The new principal balance will be $162,269.08;

    b. The Maturity Date will be December 1, 2056;

    c. As of December 1, 2016, the new interest rate will be 3.625%;

    d. Beginning January 1, 2017, the new total monthly payment will be $1,006.25 and may adjust periodically;

    e. The monthly payments of principal and interest commences with a payment amount of $640.84 due January 1, 2017, which may change from time to time if advances for escrow items increase or decrease; and

    f. The loan will be considered contractually current upon the signing of the loan modification.

3. Movant shall amend its proof of claim in order to reflect the terms of the loan modification after entry of an Order granting this Motion.

WHEREFORE, Movant prays that it be granted approval to enter into this proposed loan modification agreement with the Debtor, and for all other just and proper relief.

Respectfully Submitted,
WILSON & ASSOCIATES, PLLC
400 West Capitol Avenue, Suite 1400
Little Rock, AR 72201
(501) 219-9388

By:    */s/ Jennifer Wyse*

Jennifer Wyse (2015092)
Heather Martin-Herron (2011136)
Kathryn Lachowsky (2012039)
Angela Boyd Mathews (2008250)

Attorneys for Respondent

## **CERTIFICATE OF SERVICE**

On January 12, 2018, copies of the foregoing Motion was served electronically through the electronic case filing system (ECF) or by United States Mail, postage prepaid, the following parties:

Robert Neal Rushing
Attorney at Law
725 North West Avenue
El Dorado, AR 71730

Jack W. Gooding
Trustee
P.O. Box 8202
Little Rock, AR 72221-8202

Julie Marie Williams
Debtor
560 Scott Street
Camden, AR 71701

*/s/ Jennifer Wyse*

Jennifer Wyse (2015092)
Heather Martin-Herron (2011136)
Kathryn Lachowsky (2012039)
Angela Boyd Mathews (2008250)

WA 319966/ Loan No.XXXXXX4031

3

After Recording Return To:
Caliber Home Loans, Inc.
13801 Wireless Way
Oklahoma City, OK 73134

This document was prepared by Caliber Home Loans, Inc.

# HOME AFFORDABLE MODIFICATION AGREEMENT

Borrower (*"I"*):[1] MELVIN LAVERN JOHNSON and JULIE JOHNSON
Lender or Servicer (*"Lender"*): Caliber Home Loans, Inc.
Date of first lien mortgage, deed of trust, or security deed (*"Mortgage"*) and Note (*"Note"*): August 24, 2007
Loan Number:
Property Address [and Legal Description if recordation is necessary] (*"Property"*):

560 SCOTT ST
CAMDEN, AR 71701

The real property described being set forth as follows: The legal description to the Property may be attached to this Agreement by the Servicer if required.

If my representations and covenants in Section 1 continue to be true in all material respects, then this Home Affordable Modification Agreement (*"Agreement"*) will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note (*"Note"*) secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the *"Loan Documents"*. Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

    A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

    B. One of the borrowers signing this Agreement lives in the Property as a principal residence, and the Property has not been condemned;

    C. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as

---

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as *"I"*. For purposes of this document, words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3157 3/09 (rev. 10/10)

Page 1 of 7

   a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;

  D. I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Home Affordable Modification Program (*"Program"*));

  E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;

  F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and

  G. I have made or will make all payments required under a trial period plan.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

  A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

  B. I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on December 1, 2016 (the *"Modification Effective Date"*) and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan, this modification will not take effect. The first modified payment will be due on January 1, 2017.

  A. The Maturity Date will be: December 1, 2056.

  B. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, *"Unpaid Amounts"*) less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be $162,269.08 (the *"New Principal Balance"*). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.

  C. Interest at the rate of 3.625% will begin to accrue on the New Principal Balance as of December 1, 2016 and the first new monthly payment on the New Principal Balance will be due on January 1, 2017.

My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 40 | 3.625% | 12/01/2016 | $640.84 | $365.41 May adjust periodically | $1,006.25 May adjust periodically | 01/01/2017 | 480 |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

4. **Additional Agreements.** I agree to the following:

A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B. That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D. Intentionally Deleted.

E. That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J. That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification Program.

L. Mortgage Electronic Registration Systems, Inc. (*"MERS"*) is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal

title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

M. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

N. That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as *"Documents"*. I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

O. That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

**THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.

In Witness Whereof, the Lender and I have executed this Agreement.

**Borrower**

| | | | |
|---|---|---|---|
| **MELVIN LAVERN JOHNSON** | Date<br>*Seal* | JULIE JOHNSON  1/9/17 | Date<br>*Seal* |

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3157 3/09 (rev. 10/10)

Page 5 of 7

**Lender**

Caliber Home Loans, Inc.

_____*Robin Brooks*_____   MAR 16 2017
Robin Brooks Sr. Loss Mitigation Analyst   **Date**

Servicer Loan Number ▇▇▇▇▇▇

**Mortgage Electronic Registration Systems, Inc. (*"MERS"*)**


_____   _____
**MERS - Nominee for Lender**   **Date**


**Acknowledgment**

State of Arkansas

County of _____

On this _____ day of _____, before me, _____ a Notary Public, (or before any officer within this State or without the State now qualified under existing law to take acknowledgments), appeared the within named MELVIN LAVERN JOHNSON, to me personally well known (or satisfactorily proven to be such person), who stated and acknowledged that he/she/they had so signed, executed and delivered said foregoing instrument for the consideration, uses and purposes therein mentioned and set forth.

In testimony whereof, I have hereunto set my hand and official seal this _____ day of _____.


_____
*Notary Public*


_____
*(Print Name)*

My commission expires: _____

**Acknowledgment**

State of Arkansas

County of _Ouachita_

On this _9_ day of _Jan 2017_, before me, _Cherri Arnold_ a Notary Public, (or before any officer within this State or without the State now qualified under existing law to take acknowledgments), appeared the within named JULIE JOHNSON, to me personally well known (or satisfactorily proven to be such person), who stated and acknowledged that he/she/they had so signed, executed and delivered said foregoing instrument for the consideration, uses and purposes therein mentioned and set forth.

In testimony whereof, I have hereunto set my hand and official seal this _9_ day of _Jan 2017_.

_Cherri Arnold_
Notary Public

_Cherri Arnold_
(Print Name)

My commission expires: _2/18/2020_

```
CHERRI ARNOLD
NOTARY PUBLIC-STATE OF ARKANSAS
OUACHITA COUNTY
My Commission Expires 02-18-2020
Commission # 12375121
```